IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRYAN RICHARD HOWARD,

                   Plaintiff,

  v.                                                                 ORDER

RODGERS, SIA WETTLOFFER, SIS LIENHEART,           16-cv-158-jdp
LT CROOKS, LT DAVIS, and PSYCH MURELLEY,

                   Defendants.

---

The court recently informed pro se plaintiff Bryan Richard Howard that he would need to move to substitute the proper party for defendant Lt. Davis, pursuant to Federal Rule of Civil Procedure 25, as defendant Davis has passed away. Dkt. 19. Now the court has received a letter from Howard stating that he does not intend to pursue his claims against defendant Davis. Dkt. 20. Howard writes, "I think this would be in bad taste. I have no desire to hurt this man's family[.]" *Id.* at 1. Howard emphasizes that his main priority is his suit against defendant Rodgers. Because Howard does not intend to substitute the proper party for defendant Davis, I will dismiss Howard's claims against him.

Howard also asks for an attorney. He states that he has sent "a couple letters" asking for an attorney, but he has not received any response. Howard moved for assistance in recruiting counsel once before in this case, *see* Dkt. 8 and Dkt. 10, and I will again deny Howard's motion without prejudice to him renewing his request later in this case. Litigants in civil cases do not have a constitutional right to a lawyer, and the court has discretion to determine whether assistance recruiting counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). To prove that assistance is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least

three lawyers who declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Howard has made some effort to locate an attorney, but he does not provide the names and addresses of the attorneys to whom he wrote letters. Nor has he shown that any of those attorneys declined to represent him. Regardless, it is too early in the case to determine whether the legal and factual difficulty of the case exceeds Howard's ability to prosecute it. The case has not passed the relatively early stage in which defendants may file a motion for summary judgment based on exhaustion of administrative remedies, which could result in dismissal of this case before it advances very far. Should the case pass the exhaustion stage, and should Howard (1) provide the names and address of at least three attorneys who have declined to represent him, and (2) continue to believe that he is unable to litigate the case himself, he may renew his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Bryan Richard Howard's claims against defendant Lt. Davis are DISMISSED.

2. Plaintiff's motion for assistance in recruiting counsel, Dkt. 20, is DENIED without prejudice.

Entered December 6, 2016.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge