IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRYAN RICHARD HOWARD,**

    **Plaintiff,**

    v.                                              CASE NO.  17-3019-SAC-DJW

**RAY RODGERS, DOUG WETTLAUFFER,**
**PAUL LEONHARD, ROGER CROOKS,**
**and KIMBERLY MAURELLI,**

    **Defendants.**

## ORDER

This is a pro se civil rights case filed under 42 U.S.C. § 1983 by a prisoner in the custody of the Federal Bureau of Prisons, currently housed at the Oxford Federal Correctional Institution ("FCI-Oxford") and formerly housed at the United States Penitentiary in Leavenworth, Kansas ("USP-Leavenworth").  On January 26, 2017, this matter was transferred to this Court from the Western District of Wisconsin pursuant to 28 U.S.C. § 1406(a).  This Court entered an Order directing Defendants Rodgers, Wettlauffer, Leonhard, Crooks and Maurelli to file an answer or other response to Plaintiff's allegations as set forth in the Orders at Docs. 10 and 12, on or before April 24, 2017. (Doc. 44.)  This matter is before the Court on Plaintiff's motion seeking appointment of counsel (Doc. 45).  Plaintiff asks the Court to appoint counsel, and sets forth his unsuccessful attempts to obtain counsel on his own.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision

whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.

Plaintiff previously sought appointment of counsel when this case was pending in the Western District of Wisconsin. In denying Plaintiff's request without prejudice, the court held that:

> Howard has made some effort to locate an attorney, but he does not provide the names and addresses of the attorneys to whom he wrote letters. Nor has he shown that any of those attorneys declined to represent him. Regardless, it is too early in the case to determine whether the legal and factual difficulty of the case exceeds Howard's ability to prosecute it. The case has not passed the relatively early stage in which defendants may file a motion for summary judgment based on exhaustion of administrative remedies, which could result in a dismissal of this case before it advances very far. Should the case pass the exhaustion stage, and should Howard (1) provide the names and address of at least three attorneys who have declined to represent him, and (2) continue to

>   believe that he is unable to litigate the case himself, he may renew
>   his motion.

(Doc. 21, at 2.)

Likewise, this Court will revisit Plaintiff's request for appointment of counsel if his case survives summary dismissal after Defendants have had an opportunity to respond to Plaintiff's claims as set forth in the Orders at Docs. 10 and 12. Defendants have until April 24, 2017, to file an answer or other response.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion seeking appointment of counsel (Doc. 45) is **denied without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 7th day of April, 2017.**

>   <u>s/ David J. Waxse</u>
>   **David J. Waxse**
>   **U. S. Magistrate Judge**

3