# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRYAN RICHARD HOWARD,

    Plaintiff,

v.

RAY RODGERS, et al.,

    Defendants.

Case No. 17-cv-03019-DDC-DJW

## MEMORANDUM AND ORDER

On March 10, 2017, plaintiff, acting pro se,[1] filed a Motion to Appoint Counsel. Doc. 45. On April 7, 2017, Judge David J. Waxse denied plaintiff's motion without prejudice. Doc. 46. Plaintiff filed a new Motion to Appoint Counsel on May 15, 2017. Doc. 50. For the reasons explained below, the court again denies plaintiff's motion without prejudice.

Tile 28, Section 1915(e)(1) of the United States Code authorizes the court to "request an attorney to represent any person unable to afford counsel." If the court determines the movant has a colorable claim, it should consider—in addition to the movant's financial need—"the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The movant bears the burden of convincing the court that his claims are sufficiently meritorious to warrant appointed counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Whether to appoint counsel is a decision assigned to the trial court's sound discretion. *Meese*, 926 F.2d at 996.

In his Motion, plaintiff stresses that his allegations are true, but he provides no basis for the court to find that his claims are sufficiently meritorious to warrant appointing counsel at this time. Plaintiff's claims also do not present such complex legal issues that they warrant appointing counsel. *Cf. McCarthy v. Weinberg*, 753 F.2d 836, 839–40 (10th Cir. 1985) (holding that the district court should have granted the plaintiff's motion to appoint counsel because the "medical issues involved [were] complex, requiring the presentation of expert opinion . . . [and] development by a legal professional trained in the arts of advocacy and legal reasoning"). And, other than plaintiff's lack of familiarity with the legal process, he provides no reason why he is incapable of presenting his claims. Plaintiff thus has not met his burden and so the court denies his Motion to Appoint Counsel.

Plaintiff is free to file a new motion to appoint counsel but, like Judge Waxse explained in his April 7, 2017 Order, such a renewed motion is best filed if plaintiff's case survives summary dismissal. *See* Doc. 46 at 3 (denying plaintiff's previous motion to appoint counsel and explaining that the court would "revisit [his] request for appointment of counsel if his case survives summary dismissal after [d]efendants have had an opportunity to respond to [p]laintiff's claims as set forth in Order at Docs. 10 and 12").

Finally, the court also briefly responds to plaintiff's plea for guidance. In his motion, plaintiff asks the court (1) whether he is supposed to respond to letters from defendants, (2) for the discovery in the case, and (3) to investigate his allegations. Doc. 50 at 1–2. Although the

court recognizes that navigating the legal system may be challenging at first for a layperson, it cannot answer plaintiff's questions or investigate his allegations. *See Hall*, 935 F.2d at 1110 ("[I]t is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."). However, the court directs plaintiff to the District of Kansas Local Rules and the Federal Rules of Civil Procedure. These rules govern the legal process in our court. The court also may not send plaintiff the discovery he seeks. Again, the court refers plaintiff to the District of Kansas Local Rules[2] and the Federal Rules of Civil Procedure[3] for a better understanding of the discovery process.

**IT IS THEREFORE ORDERED THAT** plaintiff Bryan Howard's Motion to Appoint Counsel (Doc. 50) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 16th day of June, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[2] http://www.ksd.uscourts.gov/local-rules/ (follow instructions on webpage to view a pdf of the rules).

[3] http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure (click on blue text to view a pdf of the rules).