# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRYAN RICHARD HOWARD,**

    **Plaintiff,**

    v.

**RAY RODGERS , et al.,**

    **Defendants.**

Case No.  17-CV-3019-DDC-TJJ

## ORDER

This matter is before the Court on Plaintiff's Amended Motion for Order Directing United States Penitentiary Leavenworth Kansas (USPL) to Produce Records Herein Below Set Forth Pursuant to 5 U.S.C. § 552a(b)(11) (ECF No. 80).[1]  Plaintiff's counsel has served two subpoenas under Federal Rule of Civil Procedure 45 on non-party United States Bureau of Prisons, seeking documents relating to Plaintiff and various employees of the Bureau of Prisons who work at the United States Penitentiary located in Leavenworth, Kansas.  Plaintiff seeks the documents to support his claims that he was sexually harassed by prison guard Ray Rodgers and that other penitentiary employees failed to protect Plaintiff.

The United States responded by producing certain documents, but raised *Touhy*[2] objections to producing many of the non-party documents Plaintiff requests.[3]  Plaintiff does not

---

[1] The Court will find moot Plaintiff's original motion (ECF No. 79) in light of this amended motion.

[2] The term derives from *United States ex re. Touhy v. Ragen*, 340 U.S. 462 (1951), and refers to federal agency regulations that specify internal agency procedures for how and when a person requesting federal documents can obtain them. The regulations most frequently arise in civil litigation where the United States is not a party.

[3] The government's letter responding to the subpoenas appears at ECF No. 80-1.

challenge the government's objections but asks the Court to enter an order, consistent with the Privacy Act of 1974,[4] directing the government to release the subpoenaed documents. In pertinent part, the Privacy Act states that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . (11) pursuant to the order of a court of competent jurisdiction."[5]

The government acknowledges this Court's authority to order release of documents, and seeks concomitant entry of a protective order limiting the dissemination of the documents it produces. Defendants concur with the government's proposed protective order. Having reviewed the parties' positions, the applicable law, and the government's proposed protective order, the Court will grant Plaintiff's motion and direct the government to release the subpoenaed documents pursuant to a protective order.[6]

Pursuant to 5 U.S.C. § 552a(b)(11), the Court finds the description of records sought in the subpoenas Plaintiff served appear relevant to this litigation, and shall order the United States to produce responsive documents. The Court also finds reasonable and will enter the government's proposed protective order, which has now been agreed to by the parties.

---

[4] 5 U.S.C. § 552a.

[5] 5 U.S.C. § 552a(b)(11).

[6] The Court will not include in the Protective Order a provision allowing a non-party to unilaterally refuse to disclose information, as the government has proposed. If the government believes additional protection is required for documents sought in Plaintiff's subpoenas, the government may seek protection under Federal Rule of Civil Procedure 45.

IT IS THEREFORE ORDERED that pursuant to 5 U.S.C. § 552a(b)(11), the Bureau of Prisons shall produce copies of records responsive to the subpoenas within ten (10) days of the date of this order.

Dated this 13th day of April, 2018 at Kansas City, Kansas.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge