**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRYAN RICHARD HOWARD,**

    **Plaintiff,**

v.

**RAY RODGERS, et al.,**

    **Defendants.**

Case No. 17-3019-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Bryan Richard Howard brings this *Bivens*[1] action against defendants Ray Rodgers, Doug Wettlauffer, Paul Leonhard, Roger Crooks, and Kimberly Maurelli. Plaintiff's Amended Complaint alleges that defendants violated 42 U.S.C. § 1983 when Ray Rodgers sexually assaulted plaintiff and the other defendants failed to protect him from this assault. *See* Doc. 94 at 6–12.

Now, all five defendants, together, have filed a Motion for Summary Judgment (Doc. 84). Their sole argument contends that plaintiff has failed to exhaust his administrative remedies and so, the Prison Litigation Reform Act of 1995 ("PLRA") bars him from prosecuting this cause of action. The court agrees and grants summary judgment for defendants against all of plaintiff's claims.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**I.     Background**

Before the court recites the facts, it must address another matter of some concern. Plaintiff's Amended Opposition (Doc. 92) does not comply with D. Kan. Rule. 56.1(b). This rule provides:

> (1) A memorandum in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.
>
> (2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

D. Kan. Rule 56.1(b). Plaintiff has not complied with this rule. Specifically, he has not followed subsection (1) of the rule because he fails to "refer with particularity to those portions of the record upon which [he] relies . . . ." Instead, he merely refers to an exhibit in general terms, *see* Doc. 92 at 2 ¶ 4 ("See attached Exhibit D."), and sometimes, he fails to refer to the record at all, *see id.* at 2–3 ¶¶ 5–7, 9 (asserting only that "[p]laintiff denies the averments").

More concerning yet is paragraph 9's deviation from Rule 56.1(b). *See id.* There, plaintiff asserts:

> [W]hile Plaintiff was in the [Special Housing Unit], he sent a BP9 and a BP10 to Administrative Remedies Central Office, 320 First Street, NW, Washington, D.C. 20534 setting forth the sensitive nature of his grievances with Defendant Rodgers. From those mailings he never received a response. Plaintiff did, however, get a response from his e-mail to the OIG as noted on page 3 of this memorandum.[2] It

---

[2]     Page three of plaintiff's memorandum includes improper assertions of fact under Rule 56.1(b)(2). The court addresses this issue, below.

> would be Plaintiff's position that he did exhaust available administrative remedies with regard to the issues identified in this lawsuit.

*Id.* at 3 ¶ 9 (footnote added).  Plaintiff fails to support this assertion with any citation to the record.  So plaintiff has failed to controvert this fact in the manner required by the rules.  Likewise, in the other paragraphs where plaintiff simply "denies the averments," he fails to controvert those facts properly.  *See Mitchell v. Kan. City Kan. Sch. Dist.*, No. 16-2145, 2017 WL 1303276, at *2 (D. Kan. Apr. 7, 2017), *aff'd*, 714 F. App'x 884 (10th Cir. 2017) (finding conclusory denials insufficient on a motion for summary judgment).

Plaintiff also fails to comply with Rule 56.1(b)(2).  This rule required plaintiff to "set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above."  D. Kan. Rule 56.1(b)(2).  Plaintiff does not explicitly state any additional facts.  Instead, under the heading "Statement of the Question Presented," plaintiff asserts, what the court construes as, additional facts.  The title of the heading is not detrimental to plaintiff.  But his failure to restrict his assertions to "concise statements of material facts" and "refer with particularity to those portions of the record upon which [he] relies . . . ." is detrimental.  *See* D. Kan. Rule 56.1(b)(2) (referring to subsection (a)).  Instead of complying with this rule, plaintiff asserts his additional material facts in extended paragraphs with a general citation at the end of each paragraph.  This general citation never includes a pincite to a specific location within the exhibit.[3]  This will not suffice.

---

[3]  Due to plaintiff's gross failure to comply with Rule 56.1(b), the court confines its discussion of plaintiff's failure to authenticate his exhibits to a brief one.  Suffice it to say that summary judgment facts "must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).  But plaintiff never cites any deposition transcript or affidavit purporting to make his exhibits admissible as evidence.  In brief, plaintiff fails to authenticate these exhibits in any fashion recognized by the Federal Rules of Evidence.

Our rules require defendants to controvert each fact specifically in their Reply or they are deemed admitted. D. Kan. Rule 56.1(b)(2). But the court does not expect defendants to comb through each exhibit to find the facts plaintiff asserts in an improper manner. Likewise, when plaintiff "refers to the exhibit as a whole," it is "inappropriate for the court to search through plaintiff's exhibits for evidence to support his case." *Mitchell*, 2017 WL 1303276, at *2. For these reasons, plaintiff has failed to assert additional facts properly. *See Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) ("[I]t is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record."

With these Rule 56.1(b) principles in mind, the court now identifies the facts that govern this motion. These facts are uncontroverted, or where controverted properly, are recited in the light most favorable to the plaintiff as the party opposing summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

When plaintiff filed this lawsuit on March 10, 2016, he was confined at the Federal Correctional Institution in Oxford, Wisconsin. The allegations in his lawsuit rest on plaintiff's assertions about his confinement at the U.S. Penitentiary in Leavenworth, Kansas ("USP-Leavenworth"). Specifically, plaintiff alleges that defendant Ray Rodgers, a staff member at USP-Leavenworth, sexually assaulted him. Plaintiff also alleges that the other defendants failed to protect plaintiff from this harm.

The Bureau of Prisons ("BOP") has a four-part administrative remedy program designed to address a federal inmate's concerns about any aspect of his confinement. The details of this program are codified in 28 C.F.R., Part 542. The administrative remedy program affords

4

inmates the opportunity to pursue their grievances and provides staff an opportunity to resolve issues in-house before an inmate seeks judicial relief.

Under this program, an inmate must attempt, first, informal resolution of the complaint. 28 C.F.R. § 542.13. If the parties do not resolve the grievance by an informal resolution, the inmate next must present his complaint to the warden of the institution where he is confined. If dissatisfied with the warden's response, the inmate may appeal his complaint to the regional director within 20 calendar days of the response. *Id.* § 542.13(a). If dissatisfied with the regional director's response, the inmate may appeal to the Director of National Inmate Appeals at the Office of the General Counsel in Washington, D.C. within 30 calendar days. *Id.*

Generally, an inmate has not exhausted his remedies until he has sought review and received a final substantive response at all three levels. Since July 1990, the BOP has maintained information about administrative complaints filed by inmates under the Administrative Remedy Program in a national database called "SENTRY." One of SENTRY's functions is to track administrative remedy complaints and appeals. This system permits a computerized search of complaints and appeals. A review of plaintiff's administrative remedy history reveals he filed four requests for administrative remedies while in BOP custody. None of them or their appeals include the issues raised in this lawsuit. Instead, each of plaintiff's administrative complaints involved plaintiff's request to change medications he was receiving for chronic back and knee pain.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "no genuine dispute" exists about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When it applies this standard, the court views the evidence and draws

inferences in the light most favorable to the non-moving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense."  *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."  *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).  To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim."  *Id.* (citing *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof."  *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler*, 144 F.3d at 670 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).

Summary judgment is not a "disfavored procedural shortcut."  *Celotex*, 477 U.S. at 327.  Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Id.* (quoting Fed. R. Civ. P. 1).

6

### III. Analysis

Defendants' sole argument for summary judgment against plaintiff's claims is that he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") requires prison inmates to exhaust all available administrative remedies before commencing a *Bivens* action. *See* 18 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). If an inmate fails to pursue a claim through the entire administrative remedy process, the court must dismiss that claim. *Watson v. Evans*, No. 13-CV-3035-EFM, 2014 WL 7246800, at *4 (D. Kan. Dec. 17, 2014) (citing *Jones*, 549 U.S. at 211).

There are two aspects of the exhaustion requirement. They are: (1) "the administrative grievance must have alleged the same facts as the court complaint;" and (2) "the plaintiff must follow the prison's grievance procedures." *Williams v. Wilkinson*, 659 F. App'x 512, 514 (10th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)).

Exhaustion is an affirmative defense that defendants must raise. *Jones*, 549 U.S. at 216. Defendants raise it here. And the uncontroverted facts establish that plaintiff has not asserted an administrative complaint that alleges the same facts as plaintiff's Complaint. In short, plaintiff has not exhausted the administrative remedies that were available to him and this omission makes his claim here subject to dismissal.

Plaintiff argues that he did follow the proper procedures under the Prison Rape Elimination Act ("PREA"). For this argument, he relies on facts never established in the fashion required by D. Kan. Rule 56.1(b). Regardless, his reliance on PREA procedures is misplaced. *See Barringer v. Stanley,* No. 5:16-CV-17-FDW, 2017 WL 1028595, at *2 (W.D.N.C. Mar. 16,

2017) ("Plaintiff's initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies under PLRA."); *Omaro v. Annucci,* 68 F. Supp. 3d 359, 364 (W.D.N.Y. 2014) ("[T]he federal courts that have considered the issue have concluded that the PREA does not excuse an inmate's failure to exhaust his administrative remedies with respect to a claim of sexual misconduct."); *Lamb v. Franke,* No. 2:12-CV-00367-MO, 2013 WL 638836, at *2 (D. Or. Feb. 14, 2013) ("The PREA does not impose an alternative remedial scheme, nor does it supersede PLRA's exhaustion requirement.").

Because plaintiff failed to exhaust his administrative remedies, the court grants summary judgment to defendants against plaintiff's claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Ray Rodgers, Doug Wettlauffer, Paul Leonhard, Roger Crooks, and Kimberly Maurelli's Motion for Summary Judgment (Doc. 84) is granted.

**IT IS SO ORDERED.**

**Dated this 26th day of June, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**