IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN RICHARD HOWARD,

    Plaintiff,

v.

RAY RODGERS, et al.,

    Defendants.

Case No. 17-3019-DDC-TJJ

## MEMORANDUM AND ORDER

This case is before the court on plaintiff Bryan Richard Howard's Motion for Reconsideration (Doc. 104). It asks the court to reconsider the decision memorialized in the Memorandum and Order dated June 26, 2018. Doc. 100. That Order had granted defendants' Motion for Summary Judgment, effectively terminating the case.

After reciting the relevant procedural background, the court evaluates Mr. Howard's arguments and explains why they do not merit a different outcome. The court thus denies Mr. Howard's motion.[1]

---

[1] Originally, an attorney represented Mr. Howard. But counsel moved to withdraw, and the court granted counsel's motion. Docs. 102, 107. So, Mr. Howard now is representing himself. Because Mr. Howard proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Howard's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**I.     Background**

Mr. Howard brought a *Bivens*[2] action against defendants Ray Rodgers, Doug Wettlauffer, Paul Leonhard, Roger Crooks, and Kimberly Maurelli.  Mr. Howard's Amended Complaint alleges that defendants violated 42 U.S.C. § 1983 when defendant Ray Rodgers sexually assaulted Mr. Howard, and the other defendants failed to protect Mr. Howard from this assault. *See* Doc. 94 at 6–12.

On June 26, 2018, the court granted defendants' Motion for Summary Judgment. Doc. 100.  Defendants had raised Mr. Howard's failure to exhaust his administrative remedies as an affirmative defense to his claims.  The court held that the summary judgment facts established Mr. Howard had failed to assert an administrative complaint alleging the same facts as Mr. Howard's Complaint.  Mr. Howard thus had not exhausted his administrative remedies, as the Prison Litigation Reform Act of 1995 ("PLRA") requires.[3]  Based on his failure to exhaust, the court granted summary judgment against Mr. Howard's claim.  Mr. Howard now seeks relief from the court's order under Federal Rule of Civil Procedure 60.

**II.    Legal Standard**

Rule 60(b) permits a district court to relieve a party from a final judgment or order.  A court may grant a Rule 60(b) motion on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has

---

[2]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3]   The PLRA requires prison inmates to exhaust all available administrative remedies before filing a *Bivens* action in court.  *See* 18 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 525 (2002).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  If an inmate fails to pursue a claim through the entire administrative remedy process, the court must dismiss the claim. *Watson v. Evans*, No. 13-CV-3035-EFM, 2014 WL 7246800, at *4 (D. Kan. Dec. 17, 2014) (citing *Jones*, 549 U.S. at 211).

been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But relief under Rule 60(b) is "'extraordinary and may only be granted in exceptional circumstances.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011)). A Rule 60(b) motion is no substitute for a direct appeal, and a party may not revisit issues already presented in prior filings. *Id.*

Rule 60 motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed."); *see also Scott v. Weaver*, 736 F. App'x 715, 718–19 (10th Cir. 2018) (quoting and citing *Servants of Paraclete*, 204 F.3d at 1009).

## III. Analysis

Mr. Howard argues that, while in custody in the Special Housing Unit at the Federal Correctional Institution in Oxford, Wisconsin,[4] he received no response to his communications with Federal Bureau of Prisons officials seeking remedies for his complaints. He asserts that he documented these communications and that his former counsel in this case—Mr. Fred Bellemere—has Mr. Howard's notes about them. The rules governing the administrative complaint process are "not clear at all," Mr. Howard contends, and several cases support the

---

[4] Mr. Howard filed this lawsuit on March 10, 2016, while he was confined at the Federal Correctional Institution in Oxford, Wisconsin. *See* Doc. 100 at 4. But the allegations in his lawsuit derive from events that purportedly occurred during Mr. Howard's confinement at the U.S. Penitentiary in Leavenworth, Kansas. *Id.*

3

court's reconsideration of its summary judgment order. Doc. 104 at 1. Specifically, he argues, these cases show that Mr. Howard's actions sufficed to exhaust his administrative remedies. And defendant Ray Rodgers's personnel file, he asserts, will show a "track record" of the type of behavior Mr. Howard alleges in his Complaint. *Id.* Finally, Mr. Howard makes a "good faith" offer to dismiss all defendants except defendant Rodgers from his suit, presumably in exchange for the court's reconsideration of its ruling on defendants' summary judgment motion.

The cases Mr. Howard cites largely address the sufficiency of claims by other prisoners that they—in their cases—had exhausted their administrative remedies.[5] Mr. Howard compares his facts to the facts of these other cases, hoping to show he, too, exhausted the administrative remedies available to him. He asserts that: (1) prison officials failed to respond to Mr. Howard's complaints; (2) Mr. Howard's handbook provided no guidelines about the appeals process for his complaints; (3) Mr. Howard should have the opportunity to refile his complaints; and (4) the court has discretion to grant Mr. Howard's motion under Rule 60(b). Doc. 104 at 4–8.

Mr. Howard does not specify which provision of Rule 60(b) he relies upon in his papers. But his arguments satisfy none of the grounds for relief that the Rule provides. Mr. Howard does not direct the court to any part of the record that demonstrates mistake, inadvertence, surprise, or excusable neglect. He introduces no newly discovered evidence. He does not assert that defendants committed fraud, misrepresentation, or misconduct. And he does not contend that the

---

[5] Mr. Howard cites the following cases: *Jones v. Bock*, 549 U.S. 199, 214–17 (2007); *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322–23 (11th Cir. 2007); *Dole v. Chandler*, 438 F.3d 804, 809, 811–12 (7th Cir. 2006); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Nieves v. Ortiz*, No. 06-5206 (DRD), 2007 WL 1791256, at *6 (D.N.J. June 19, 2007); *Henderson v. Ramsey*, No. 06CV1060 J(NLS), 2007 WL 1120375, at *9–10 (S.D. Cal. Apr. 12, 2007); *Hause v. Smith*, No. 05-4381-CV-C-NKL, 2006 WL 2135537, at *1–2 (W.D. Mo. July 31, 2006); *Collins v. Goord*, 438 F. Supp. 2d 399, 399 n.13 (S.D.N.Y. 2006); and *Cruz v. Jordan*, 80 F. Supp. 2d 109, 124 (S.D.N.Y. 1999).

court's summary judgment ruling is void, already satisfied, based on a reversed or vacated judgment, or inequitable in its future application. The court thus construes Mr. Howard's motion as one seeking relief under Rule 60(b)(6)—"any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The court understands Mr. Howard's motion to make three arguments under that portion of the Rule: (1) the case authorities Mr. Howard provides support a finding that he exhausted his administrative remedies; (2) Mr. Howard kept track of his communications about his grievances, but he never received a response; and (3) Mr. Howard's former counsel, Mr. Bellemere, has evidence, possibly including defendant Rodgers's personnel file, showing that defendant Rodgers has a "track record" of behavior like the allegations Mr. Howard makes in his Complaint.

None of these arguments rises to the level of "'extraordinary circumstances'" warranting exercise of the court's "'broad authority to relieve a party from a[n] [order]'" such as the summary judgment order at issue here. *See Shepard v. Rangel*, 730 F. App'x 610, 614 (10th Cir. 2018) (explaining that courts may exercise this authority "when 'necessary to accomplish justice' based on 'extraordinary circumstances'" (quoting *State Bank of S. Utah v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996))). Mr. Howard does not identify any portions of the record that can support his new arguments or the arguments he renews from his papers opposing defendants' summary judgment motion. Instead, Mr. Howard asserts that the evidence he claims to exist will support a finding that he exhausted his administrative remedies. And the case authorities Mr. Howard cites in his motion all were decided *before* he filed his response to defendants' summary judgment motion. Together, Mr. Howard's new arguments do not amount to the kind of

extraordinary circumstances required to grant Mr. Howard relief from its Order granting summary judgment for defendants (Doc. 100).

IV. **Conclusion**

For the reasons explained above, the court declines to grant Mr. Howard relief under Rule 60(b) and denies Mr. Howard's Motion (Doc. 104) asking the court to reconsider its earlier Order granting defendants' Motion for Summary Judgment (Doc. 100).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Bryan Richard Howard's Motion to Reconsider (Doc. 104) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of February, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**