IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN RICHARD HOWARD,

    Plaintiff,

v.

RAY RODGERS, et al.,

    Defendants.

Case No. 17-3019-DDC-TJJ

# MEMORANDUM AND ORDER

This case is before the court on pro se[1] plaintiff Bryan Richard Howard's Motion to Appeal in Forma Pauperis (Doc. 113). Mr. Howard asks the court to allow him to proceed on his appeal "without prepayment of fees and costs or security." Doc. 113 at 1. For reasons explained below, the court denies Mr. Howard's motion without prejudice to refiling.

## I. Background

Mr. Howard brought a *Bivens*[2] action against defendants Ray Rodgers, Doug Wettlauffer, Paul Leonhard, Roger Crooks, and Kimberly Maurelli. Mr. Howard's Amended Complaint

---

[1] Originally, an attorney represented Mr. Howard. But counsel moved to withdraw, and the court granted counsel's motion. Docs. 102, 107. So, Mr. Howard now represents himself. Because Mr. Howard proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Howard's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

alleged that defendant Ray Rodgers sexually assaulted him, and the other defendants failed to protect Mr. Howard from this assault. *See* Doc. 94 at 6–12.

On June 26, 2018, the court granted defendants' Motion for Summary Judgment. Doc. 100. Defendants had raised Mr. Howard's failure to exhaust his administrative remedies as an affirmative defense to his claims. The court held that the summary judgment facts established Mr. Howard had failed to assert an administrative complaint alleging the same facts as Mr. Howard's Complaint. Mr. Howard thus had not exhausted his administrative remedies, as the Prison Litigation Reform Act of 1995 ("PLRA") requires. Based on his failure to exhaust, the court granted summary judgment against Mr. Howard's claim. Mr. Howard then filed a Motion for Reconsideration (Doc. 104) asking the court to revisit the summary judgment decision memorialized in the June 26, 2018, Order. The court denied Mr. Howard's Motion for Reconsideration. Doc. 109.

Now, Mr. Howard has filed a Motion to Appeal in Forma Pauperis. Doc. 113. He has filed a Notice of Appeal (Doc. 110), but he explains in his motion that he cannot afford to prepay the $505 filing fee for initiating an appeal to the Tenth Circuit ($5.00 filing fee and $500.00 docket fee).

## II. Legal Standard

Proceeding in forma pauperis is governed by 28 U.S.C. § 1915. Section 1915(a)(1) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Also, "[a] prisoner seeking to bring a civil action or appeal a

judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* at § 1915(a)(2).

This statute also provides that all prisoners bringing civil actions or appeals must pay the full amount of filing and docketing fees. *Id.* at § 1915(b)(1). So, "if a prisoner tenders less than full fees when a notice of appeal is filed, the district court shall obtain sufficient information to determine the prisoner's eligibility to make partial payments of the full fee, and, if the prisoner is eligible, assess a partial filing fee under the Act." 10th Cir. R. 24.1. In short, the court will authorize a partial filing fee only if it is satisfied that the applicant is unable to pay the requisite fees immediately. *Id.*

## III.  Analysis

Mr. Howard did not tender a filing fee when he filed his Notice of Appeal (Doc. 110). But, he filed his Motion to Appeal in Forma Pauperis about one month after he filed his Notice of Appeal. His motion contains an affidavit attesting that, "because of [his] poverty, [Mr. Howard] cannot prepay the docket fees of [his] appeal or post a bond for them." Doc. 113-1 at 1. He also attests that he "believe[s] [he is] entitled to redress." *Id.* Also, Mr. Howard attached to his motion an "inmate trust account statement" (Doc. 113-2) that lists his inmate account transactions beginning January 8, 2019, until March 1, 2019. Mr. Howard's affidavit also asserts that his employment in prison pays him $25 per month, and that he receives an average of $50 per month from family and friends.

But, Mr. Howard's motion does not provide the court with inmate account statements for the six-month period preceding the filing of his Notice of Appeal, which he docketed on February 15, 2019.  *See* Doc. 110.  The inmate account statements that Mr. Howard has provided only date back to January 8, 2019, just over a month before he filed his Notice of Appeal.  Since Mr. Howard has neglected to provide information that the court must use to determine whether Mr. Howard is "eligib[le] to make partial payments of the full fee," 10th Cir. R. 24.1, the court denies Mr. Howard's motion without prejudice.  He may refile it with the appropriate supplemental documents.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Bryan Richard Howard's Motion to Appeal in Forma Pauperis (Doc. 113) is denied without prejudice to refiling with appropriate supplemental documents.

**IT IS SO ORDERED.**

**Dated this 2nd day of May, 2019, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**